UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

VICTOR ALTHEUS DE PONCEAU,

                        Plaintiff,

v.

J. BRUNER, Corrections Officer; J. SMITH,                9:09-CV-0605
Corrections Lieutenant; C. GOODMAN,                      (GTS/DEP)
Corrections Lieutenant; D. MURRAY, Watch
Commander; D. WILLIAMS, Grievance Sergeant;
REYNOLDS, Corrections Sergeant; RUSSELL,
Corrections Officer; J. TAYLOR, Corrections Officer;
POMAINVILLE, Corrections Officer; LeDUCA,
Corrections Sergeant, and JOHN AND JANE
DOES, Great Meadow Correctional Facility,

                        Defendants.
───────────────────────────────────────────

APPEARANCES:                                 OF COUNSEL:

VICTOR ALTHEUS DE PONCEAU, 08-B-1912
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN                     CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Victor

Altheus De Ponceau ("Plaintiff") against the twelve above-captioned New York State

correctional employees ("Defendants"), are the following: (1) Defendants' motion to dismiss

Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) United States Magistrate Judge David E.

Peebles' Report-Recommendation recommending that Defendants' motion be granted in part and

denied in part, such that all of Plaintiff's claims, except for his claims of excessive force and

failure to protect, are dismissed; (3) Plaintiff's Objection to the Report-Recommendation; and

(4) Plaintiff's Supplemental Objection to the Report-Recommendation.  (Dkt. Nos. 54, 72, 73,

75.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its

entirety; Defendant's motion is granted in part and denied in part; and all of Plaintiff's claims are

dismissed with prejudice, except for his claims of excessive force and failure to protect against

Defendants LeDuca, D. Williams, and D. Murray, which remain pending in this action.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Plaintiff filed his original Complaint in this action on May 6, 2009.  (Dkt. No. 1.)  He

filed his Third Amended Complaint on September 2, 2010.  (Dkt. No. 24.)  Generally, construed

with the utmost of liberality, Plaintiff's Third Amended Complaint asserts the following seven

claims against the twelve above-captioned Defendants: (1) Defendants J. Bruner, Russell and J.

Taylor subjected Plaintiff to cruel and unusual punishment by making verbal threats to him on

several occasions, in violation of the Eighth Amendment; (2) Defendants J. Bruner and

Pomainville denied Plaintiff of his right to procedural due process by issuing false misbehavior

reports against him, in violation of the Fourteenth Amendment; (3) Defendants LeDuca, D.

Williams, and D. Murray used excessive force against him and failed to protect him, in violation

of the Eighth Amendment; (4) Defendant J. Smith conspired to cover up the assault, in violation

of 42 U.S.C. § 1983 (and his rights under the First, Eighth and/or Fourteenth Amendments); (5)

Defendants Goodman and Pomainville retaliated against Plaintiff, by issuing false misbehavior reports against him because he complained about the assault by Defendant LeDuca, in violation of the First Amendment; (6) Defendants Reynolds and John and Jane Does retaliated against Plaintiff, and denied him of his right to the free flow of mail, by withholding a mail delivery because Plaintiff complained about the assault by Defendant LeDuca, in violation of the First Amendment; and (7) Defendant C. Goodman denied him of rights to procedural due process, by conducting a biased disciplinary hearing, in violation of the Fourteenth Amendment.  (*Id*.)

For a more detailed recitation of Plaintiff's claims and supporting factual allegations, the Court refers the reader to the Third Amended Complaint in its entirety, as well as Magistrate Judge Peebles' Report-Recommendation, which accurately summarize those allegations.  (Dkt. No. 24; Dkt. No. 72, at 4-5, 8, 13-32 [summarizing claims].)

### B.    Defendants' Motion to Dismiss

On March 17, 2011, Defendants filed a motion to dismiss.  (Dkt. No. 54.)  Generally, in support of their motion, Defendants assert the following eight arguments: (1) Plaintiff fails to allege facts plausibly suggesting an excessive force claim against Defendants Murray, Williams and LeDuca; (2) Plaintiff's procedural due process claims against Defendants Bruer and Pomainville, arising from the filing of false misbehavior reports, are not actionable; (3) Plaintiff has failed to allege facts plausibly suggesting a procedural due process claim against Defendant Goodman, arising from his conducting of Plaintiff's disciplinary hearing; (4) Plaintiff's verbal-abuse claims against Defendants Bruner, LeDuca, Russell, Taylor and Williams are not actionable; (5) Plaintiff's mail tampering claim against Defendant Reynolds is not actionable; (6) Plaintiff fails to allege any facts to support a conspiracy claim against Defendant Smith; (7) under the circumstances, the Eleventh Amendment bars Plaintiff's claims to the extent they are

3

asserted against Defendants in their official capacities; and (8) based on the factual allegations of Plaintiff's Third Amended Complaint, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity.  (Dkt. No. 1, Attach. 1.)

      **C.**    **Magistrate Judge Peebles' Report-Recommendation**

On February 21, 2012, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 72.) More specifically, Magistrate Judge Peebles recommended that, while Plaintiff's excessive force and failure to protect claims should survive Defendants' motion, Plaintiff's remaining claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  (*Id.*)

      **D.**    **Plaintiff's Objection and Supplemental Objection to the Report-Recommendation**

On February 24, 2012, Plaintiff filed an Objection to the Report-Recommendation.  (Dkt. No. 73.)  Generally, in his Objection, Plaintiff asserts the following three arguments, in pertinent part: (1) in August 2011, Defendant Martin Rocque issued a "bogus" misbehavior report against Plaintiff for fighting, which was dismissed at the Tier III hearing; (2) in January 2012, Defendant Rocque confiscated his typewriter and television during a cell search and issued Plaintiff a ticket for "contraband unauthorized item"; and (3) in February 2012, Defendant Colleen Russell issued a "bogus" misbehavior ticket charging Plaintiff with sexually harassing a prison volunteer, which was dismissed at the hearing.  (*Id.*)

On February 28, 2012, Plaintiff filed a Supplemental Objection to the Report-Recommendation.  (Dkt. No. 75.)  Generally, in his Supplemental Objection, Plaintiff asserts the following three arguments, in pertinent part: (1) Magistrate Judge Peebles committed "fraud" and ethics violations by not performing the duties of his judicial office impartially and diligently;

(2) Magistrate Judge Peebles erred by misrepresenting the nature of, and/or law governing,

Plaintiff's claims regarding verbal abuse, false misbehavior reports, excessive force, conspiracy,

retaliation, the biased disciplinary hearing, the interference with Plaintiff's free-flow of mail; and

(3) Magistrate Judge Peebles has denied Plaintiff discovery.  (*Id*. at 1-75.)  In addition, Plaintiff's

Supplemental Objection attaches 34 pages of "supplemental exhibits."  (Id. at 76-109.)

## I.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings,  recommendations,

or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider

evidentiary material that could have been, but was not, presented to the magistrate judge in the

first instance.[2]

_____

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]      *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Standard of Review Governing a Motion to Dismiss

Magistrate Judge Peebles correctly recited the legal standard governing a motion to dismiss dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 72, at 10-13.)  As a result, these standards are incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

The Court would add only a few words regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[6]  Moreover, in the

---

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[6]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and

Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[7]

## III.    ANALYSIS

For the sake of brevity, the Court will liberally construe Plaintiff's original Objection and

---

provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[7]         *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . .  and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

his Supplemental Objection together as effectively challenging each and every finding and recommendation of Magistrate Judge Peebles' Report-Recommendation, so as to subject that Report-Recommendation to a de novo review, rather than a clear-error review.

After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 72)  As a result, Magistrate Judge Peebles' Report-Recommendation recommending dismissal of all of Plaintiff's claims, with the exception of his claims of excessive force and failure to protect, is accepted and adopted in its entirety for the reasons stated therein.  (*Id*.)

The Court would add only the following seven brief points.  First, Plaintiff's original Objection is premised on several alleged events occurring after the filing of his Third Amended Complaint on September 2, 2010.  (*Compare* Dkt. No. 24 *with* Dkt. No. 73.)  The Court rejects any attempt by Plaintiff to change the landscape of his claims at this late stage of this action, which would be unfairly prejudicial to Defendants and a gross waste of judicial resources under the Magistrates Act.[8]  For the same reason, the Court rejects Plaintiff's attempt to introduce (into this analysis of the factual allegations of Plaintiff's Third Amended Complaint) 34 pages of "supplemental exhibits" during the objection phase of this proceeding.

Second, on a related subject, the Court emphasizes that, as Magistrate Judge Peebles correctly noted, a court need not afford a *pro se* civil rights litigant another opportunity to amend his claims when the litigant has already been afforded the opportunity to amend.  *Abascal v.*

---

[8]      For example, with regard to Plaintiff's allegations regarding Corrections Office Martin Rocque (Dkt. No. 73, at 3-5), that individual is not a Defendant in this action, and the events giving rise to Plaintiff's allegations regarding that individual occurred well after the events giving rise to his Third Amended Complaint.  (*Compare id with* Dkt. No. 24.)

*Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord*, *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[9] Here, he has been afforded that opportunity *three* times: the first time on November 9, 2009, the second time on November 13, 2009, and the third time on September 2, 2010.  (Dkt.

---

[9]        *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . .  His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003); *Payne v. Malemathew,* 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend indicated.").

Nos. 13, 14, 24.)  While special solicitude must be afforded to a *pro se* prisoner civil rights litigant, the undersigned does not perceive it to be the function of a United States district court (especially one in a congested district) to operate a two-and-a-half-year-long complaint-drafting seminar for that litigant, complete with three rounds of edits and rewrites.[10]

Third, in his Supplemental Objections, Plaintiff makes certain lewd remarks about the honorable magistrate judge.  (*See, e.g., id.* at 11-12.)  While the undersigned certainly understands the frustrations of litigating a prisoner civil rights action *pro se*, the undersigned simply cannot tolerate such disrespect for the Court in this proceeding.  Plaintiff is cautioned that, should he make such remarks in the future in this proceeding, he *will* be sanctioned appropriately (e.g., through the denial of a motion, the imposition of a reasonable monetary fine, and/or the dismissal of one or more of his claims).

Fourth, even if Plaintiff's Third Amended Complaint could be liberally construed as asserting a claim that Defendant J. Taylor retaliated against Plaintiff by threatening to "hit [him] with [a] baton/nightstick . . . to [or] from chow . . . and . . . [the] yard" on three occasions because he complained about the assault by Defendant LeDuca (in violation of the First Amendment), that claim would be dismissed for failing to allege facts plausibly suggesting a causal connection between his making of a complaint and the alleged adverse action.

Fifth, even if Plaintiff's Third Amended Complaint could be liberally construed as asserting a claim that Defendant Goodman retaliated against him by conducting a "one sided"

---

[10]    *See Dyson v. N.Y. Health Care, Inc.,* 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson [a *pro se* litigant] three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief.").

disciplinary hearing because he complained about the assault by Defendant LeDuca (in violation of the First Amendment), that claim would be dismissed for failing to allege facts plausibly suggesting either (1) sufficiently chilling adverse action or (2) a causal connection between his making of a complaint and that adverse action.

Sixth, Plaintiff's argument that Magistrate Judge Peebles has wrongfully deprived him of the opportunity to conduct discovery is unpersuasive, especially given that the deficiencies identified by the Report-Recommendation and this Decision and Order are not evidentiary deficiencies under Fed. R. Civ. P. 56 but pleading deficiencies under Fed. R. Civ. P. 12(b)(6).

Seventh, and finally, even if Plaintiff's claims against the John and Jane Doe Defendants were not dismissed for the reasons stated in Part III.F. of the Report-Recommendation, those claims would be dismissed without prejudice for failure to name and serve those Doe Defendants under Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b), and Local Rule 41.2(a) of the Local Rules of Practice for this Court.

For all of these reasons, all of Plaintiff's claims are dismissed with prejudice, except for his claims of excessive force and failure to protect, against Defendants LeDuca, D. Williams, and D. Murray.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 72) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 54) is **<u>GRANTED</u> in part and <u>DENIED</u> in part,** such that all of Plaintiff's claims are **<u>DISMISSED</u> with prejudice**– **EXCEPT** for his claims of excessive force and failure to protect against Defendants LeDuca, D. Williams, and D. Murray, which remain pending in this action; and it is further

12

**ORDERED** that the Clerk of the Court shall send Plaintiff a courtesy copy of the docket sheet in this action (as he requested on page 6 of his Supplemental Objection).

Dated:   March 23, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

13