UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR ALTHEUS DePONCEAU,
                Plaintiff,

                                                  9:09-CV-0605
v.                                                (GTS/DEP)

D. MURRAY, Watch Commander;
D. WILLIAMS, Grievance Sergeant;
and LeDUCA, Corrections Sergeant,[1]
                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

MENTER, RUDIN & TRIVELPIECE, P.C.     MITCHELL J. KATZ, ESQ.
  *Pro Bono* Trial Counsel for Plaintiff
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498

HON. ERIC T. SCHNEIDERMAN            CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this prisoner civil rights action filed *pro se* by Victor Altheus DePonceau ("Plaintiff") against the above three correctional employees ("Defendants"), is Plaintiff's pre-trial motion *in limine*, requesting an Order precluding Defendants from introducing, at trial, evidence, references and arguments relating to any of Plaintiff's prior arrests or criminal convictions. (Dkt. No. 110.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

---

      [1]      It appears that this third Defendant's last name is spelled "Deluca." (Dkt. No. 48.)

## I. PLAINTIFF'S MOTION

Generally, in his motion, Plaintiff asserts four arguments. (Dkt. No. 110.) First, argues Plaintiff, his prior arrests may not be inquired about to impeach his credibility; and, in any event, evidence of those prior arrests is not admissible under Fed. R. Evid. 403, because (a) that evidence's probative value is minimal in this action, which alleges excessive force and retaliation (especially given that Fed. R. Evid. 404[b] precludes the admission of such evidence to prove the character of a person in order to show action in conformity therewith), (b) its prejudicial effect is substantial, and (c) its potential to confuse the jury is substantial. (*Id.*)

Second, argues Plaintiff, upon his counsel's information and belief, Plaintiff's only prior conviction is the one resulting in his present incarceration, which (according to page 14 of Plaintiff's deposition transcript) was for what counsel describes as "conspiracy in the second degree" stemming from "charges related to activities considered to be practicing law without a license," which were engaged in by Plaintiff in order to "assist individuals who suffered from perceived Civil Rights violations." (*Id.*)

Third, argues Plaintiff, because (upon his counsel's information and belief) Plaintiff did not (in committing that offense) represent that he was an attorney, his conviction was not for a crime of dishonesty and therefore is not admissible under Fed. R. Evid. 609(a)(2). (*Id.*)

Fourth and finally, argues Plaintiff, evidence of that conviction is not admissible under Fed. R. Evid. 609(a)(1)(A), because (a) that evidence's probative value is minimal (in that activities giving rise to his conviction are totally unrelated to whether he was assaulted in prison, and the jury will not need cumulative proof of the fact that Plaintiff is incarcerated), (b) its prejudicial effect is substantial, and (c) its danger of wasting time is substantial. (*Id.*)

2

## II. ANALYSIS

### A. Plaintiff's Arrests

In his motion, Plaintiff does not specify the "arrests" to which he is referring. (*See generally* Dkt. No. 110.) The only relevant arrest of which the Court is aware (i.e., one *not* resulting in a conviction) is Plaintiff's 2005 arrest for knowingly and unlawfully possessing ammunition while being a felon, arising from his failure to surrender that ammunition despite being ordered to do so by Monroe County Court Judge William Bristol in 1997. *See United States v. DePonceau*, 05-CR-6124, Warrant for Arrest (W.D.N.Y. filed Sept. 14, 2005) (indicating arrest on August 31, 2005); *United States v. DePonceau*, 05-CR-6124, Indictment (W.D.N.Y. filed Sept. 1, 2005) (charging Plaintiff with one count of violating 18 U.S.C. § 922[g][1] and 924[a][2]); *United States v. DePonceau*, 05-CR-6124, Affid. in Support of Criminal Complaint, at ¶ 7 (W.D.N.Y. filed Aug. 31, 2005) (testifying that Plaintiff had been ordered to surrender his ammunition by Judge William Bristol on September 15, 1997); *United States v. DePonceau*, 05-CR-06124, Order of Dismissal (W.D.N.Y. filed June 10, 2008) (dismissing Indictment without prejudice "due to the prosecution by other authorities resulting in a significant prison sentence").

The Court agrees with Plaintiff that the mere existence of an arrest–without more–is not admissible to impeach the credibility of a witness. *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."). However, of course, arrests may "be inquired into [on cross-examination] if they are

probative of the character [of a witness] for truthfulness or untruthfulness." Fed. R. Evid. 608(b); *see, e.g., Picciano v. McLoughlin*, 07-CV-0781, 2010 WL 4366999, at *2 (N.D.N.Y. Oct. 28, 2010) (Suddaby, J.) ("[I]n the event that Plaintiff testifies at trial that he suffered a 'fear' of police officers, and/or lost his desire to become a police officer, as a result of the incident of August 4, 2004, which is the subject of this litigation, the Court will permit Defendant to ask Plaintiff whether he has been arrested on more than one occasion since August 4, 2004.").[2]

As a result, defense counsel is precluded from inquiring into Plaintiff's above-described arrest on cross-examination, unless Plaintiff first provides specific testimony that renders that arrest probative of his character for truthfulness or untruthfulness (e.g., testimony that he was never arrested for anything other than the offenses giving rise to his most-recent conviction, testimony that he has never possessed ammunition, testimony that he has never disregarded a judge's order, etc.). To the extent that Plaintiff experienced any *other* arrests that did not result in a conviction, this Decision and Order renders no decision with regard to those arrests.

### B. Plaintiff's Convictions

As an initial matter, the Court notes that there are three factual issues with Plaintiff's counsel's argument that, upon information and belief, Plaintiff's only prior conviction is the one resulting in his present incarceration, which (according to page 14 of Plaintiff's deposition transcript) was for what counsel describes as "conspiracy in the second degree" stemming from "charges related to activities considered to be practicing law without a license," which were

---

[2] *See, e.g., Ramos v. Cnty. of Suffolk*, 707 F. Supp.2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding defendant from "go[ing] into what the reason for the arrest is").

engaged in by Plaintiff in order to "assist individuals who suffered from perceived Civil Rights violations."

First, in fact, Plaintiff was also convicted on August 7, 1997, in Monroe County Court, for driving while intoxicated (a Class E Felony), resulting in a sentence of five years probation. *See United States v. DePonceau*, 05-CR-6124, Affid. in Support of Criminal Complaint, at ¶ 6 (W.D.N.Y. filed Aug. 31, 2005) (testifying that Plaintiff was "convicted of a Class E Felony, Driving While Intoxicated, in Monroe County Court on August 7, 1997," and "was sentenced to five years probation"); *United States v. DePonceau*, 05-CR-6124, Indictment (W.D.N.Y. filed Sept. 1, 2005) (charging, *inter alia*, that Plaintiff was "convicted on or about the 7th day of August 1997 in County Court, Monroe County, New York, of a crime punishable by imprisonment for a term exceeding one year"); *New York v. DePonceau*, 715 N.Y.S.2d 197 (N.Y. App. Div., 4th Dept. 2000). However, because the conviction is more than ten years old, the admissibility of the conviction depends on whether two the requirements set Fed. R. Evid. 609(b) have been met, which they do not appear to have been.[3]

Second, because page 14 of Plaintiff's deposition transcript does not appear to have been filed on the docket, the Court cannot assess the accuracy of Plaintiff's counsel's characterization of Plaintiff's deposition testimony. (*See generally* Docket Sheet.) However, because Defendants have not taken issue with that characterization in a response (*see generally* Docket Sheet), the Court will assume the characterization to be accurate, for purposes of this Decision and Order.

---

[3] Defendants did not argue, in a response, that the probative value of this evidence outweighs its prejudicial effect, they do not appear to have given Plaintiff reasonable written notice of their intent to use the evidence. (*See generally* Docket Sheet.)

Third, contrary to any suggestion that the conviction giving rise to his current incarceration was for conspiracy to practice law, that conviction was actually for conspiracy to murder two witnesses (specifically, two counts of conspiracy in the second degree, and one count of conspiracy in the fifth degree) on behalf of Frank J. Povoski, Jr. (a prisoner at the Monroe County Jail, who was awaiting trial for burning four police cars). *See, e.g., New York v. Deponceau*, 946 N.Y.S.2d 331 (N.Y. App. Div., 4th Dept. 2000); *New York v. DePonceau*, No. 2005-0962, Decision and Order, at 1 (N.Y. Sup. Ct., Monroe Cnty., filed Dec. 13, 2007) (Ark, J.S.C.). Granted, Plaintiff is correct to the extent he argues that the conviction is not admissible under Fed. R. Evid. 609(a)(2), because establishing the elements of the crime of conspiracy to murder does not *require* proving–or Plaintiff's admitting–a dishonest act or false statement. *See* N.Y. Penal Law §§ 105.15, 105.05.

However, the conviction is admissible under Fed. R. Evid. 609(a)(1)(A), and Fed. R. Evid. 403, because (a) the conviction's probative value is substantial (b) its prejudicial effect is minimal, and (c) its danger of wasting time is minimal. The Court notes that the events giving rise to the conviction appear to involve, *inter alia*, one or more dishonest acts or false statements–specifically, a false representation by Plaintiff (to Frank J. Povoski, Jr., Povoski's girlfriend, and/or law-enforcement authorities) that Plaintiff was an "advocate" (i.e., legal counselor or practitioner), and that his dishonest suggestion that his organization was the state chapter of the national organization "JAIL4Judges." *See, e.g., DePonceau v. United States*, 08-CV-0001, Habeas Corpus Petition, at 2 (N.D. Oh. filed Jan. 2, 2008) (alleging that he discovered police misconduct against Frank J. Povoski, Jr., while serving as "a Civil Rights Advocate from New York Jail (4) Judges"); *DePonceau v. United States*, 08-CV-0001, Ex. 3 to Habeas Corpus

Petition (N.D. Oh. filed Jan. 2, 2008) (attaching one-page photo of Plaintiff identifying himself as "advocate of New York Jail (4) Judges"); *DePonceau v. United States*, 08-CV-0001, Ex. 41 to Habeas Corpus Petition, at 9, 17 (N.D. Oh. filed Jan. 2, 2008) (attaching Complaint by Plaintiff stating that he is an "advocate" and "Regional Director" associated with "New York Jail (4) Judges," and requesting that clients give him their "Power of Attorney" so that he can "make sure the 14th amendment (due process of law) is carried out," and "tak[e] actions that are in their best interest"). (*Accord,* Dkt. No. 1, Attach. 4, at 74; Dkt. No. 1, Attach. 6, at 7.)

As a result, defense counsel is permitted to adduce evidence of the above-described criminal conviction for conspiracy in order to attack Plaintiff's character for truthfulness.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion *in limine* is (Dkt. No. 110) **GRANTED in part** and **DENIED in part**, as described above in this Decision and Order.

Dated: August 7, 2013
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge