UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR ALTHEUS DEPONCEAU,

                Plaintiff,

                                        9:09-CV-0605 (GTS/DEP)

v.

C. CRISPON MURRAY; DARREN WILLIAMS;
and NICHOLAS DELUCA,

                Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

VICTOR ALTHEUS DEPONCEAU
 Pro se
08-B-1912
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this civil rights action filed by Victor Altheus DePonceau ("Plaintiff") against New York State Correctional Officers, C. Crispon Murray, Darren Williams and Nicholas DeLuca ("Defendants"), is Plaintiff's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59. (Dkt. No. 153.) For the reasons set forth below, Plaintiff's motion is denied.

I. **RELEVANT BACKGROUND**

   A. **Relevant Procedural History**

   Plaintiff originally commenced this action alleging multiple claims against 202 defendants. After several amendments of Plaintiff's complaint and reviews of the sufficiency of each, the Court determined that claims of excessive force and failure to protect against defendants C. Crispon Murray, Darren Williams and Nicholas DeLuca should be tried.

   The trial in this action occurred on December 11 and 12, 2013. At the conclusion of the trial, the jury reached a verdict in favor of Defendants and Judgment was entered accordingly. On January 6, 2014, Plaintiff filed the current motion for judgment as a matter of law or, in the alternative, for a new trial.[1] Defendants oppose this motion.

   B. **Parties' Briefing on Plaintiff's Motion**

   Generally, liberally construed, in his post-trial motion for judgment as a matter of law or, in the alternative, for a new trial, Plaintiff asserts the following arguments: (1) Defendants committed perjury during the trial; (2) all attorneys in the case suborned Defendants' perjury; (3)

---

[1] The Court notes that, prior to filing the present motion, Plaintiff filed a Notice of Appeal. To be sure, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Barton v. Troy Annual Conference, No. 09-CV-0063, 2011 WL 5325623, at *1 (N.D.N.Y. Nov. 3, 2011) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59, 103 S. Ct. 400 (1982). However, an exception to this general rule is that a district court may entertain and deny a post trial motion notwithstanding the pendency of an appeal. *See Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc.,* 92 F.3d 73, 77, n.5 (2d Cir. 1999); *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992). Because the Court denies Plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, a new trial, it does not disrupt the Court of Appeals' jurisdiction and therefore, need not first obtain permission from the Court of Appeals.

evidence was withheld from the jury, including mail fraud by Governor Paterson; (4) the Attorney General and Assistant Attorneys General vindictively prosecuted Plaintiff by objecting to all of Plaintiff's evidence, withholding information from the jury and using sealed arrest records; (5) Defendants withheld discovery, including the names of the Defendants as well as Brady[2] material; (6) Plaintiff was denied medical treatment; (7) Plaintiff was assaulted by Defendants; and (8) the jury were not members of Plaintiff's peers and "seem[ed] to consist of Law-enforcement type people who easily gave weight to the [Defendants]" (Dkt. No. 153 at 32 [Pl.'s Mem. of Law]). (*See generally* Dkt. No. 153 [Pl.'s Mem. of Law]; Dkt. No. 160 [Aff. of Pl.].)

Generally, in response to Plaintiff's motion, Defendants assert the following arguments: (1) the evidence offered at trial established well beyond a preponderance that Defendants did not use excessive force against Plaintiff or fail to protect Plaintiff from the use of excessive force; (2) Plaintiff did not seek a motion for judgment as a matter of law prior to filing the current post trial motion and the verdict in this case was solidly grounded in legal support; and (3) Plaintiff's arguments are an attempt to re-litigate this case, but there has been no intervening change in controlling law, no new evidence and no clear error or manifest injustice. (Dkt. No. 161 [Defs.' Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motions for Judgment Notwithstanding the Verdict Pursuant to Fed. R. Civ. P. 50(b)

Rule 50(b) of the Federal Rules of Civil Procedure provides as follows, in pertinent part:

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

3

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a *renewed* motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b) (emphasis added).

As a result, a prerequisite for a motion for a post-trial motion for a judgment as a matter of law (also known as a motion for judgment notwithstanding the verdict) is a pre-verdict motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50 Advisory Committee Note (1963) ("A motion for judgment notwithstanding the verdict will not lie unless it was preceded by a motion for a judgment as a matter of law made at the close of all the evidence.") (emphasis added); Fed. R. Civ. P. 50 Advisory Committee Note (1991) ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion."); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5, 128 S. Ct. 2605 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").

To be sure, such a motion may be granted by a district court where doing so is necessary to prevent "manifest injustice." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998) ("As to any issue on which proper Rule 50 motions were not made, [a judgment as a matter of law] may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice."); *accord*, *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012); *Cordius Trust v. Kummerfeld*, 331 F.

App'x 810, 811 (2d Cir. 2009). However, "manifest justice" exists only when a jury's verdict is "wholly without legal support." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) ("We may overlook such a default in order to 'prevent a manifest injustice' in cases where a jury's verdict is wholly without legal support.") (internal quotation marks omitted); *accord*, *U.S. S.E.C. v. Stamoulis*, 350 F. App'x 499, 500 (2d Cir. 2009); *Clergeau v. Local 1181, Amalgamated Transit Union, AFL-CIO*, 162 F. App'x 32, 34 (2d Cir. 2005); *Rothstein v. Carriere*, 373 F.3d 275, 291 (2nd Cir. 2004).

### B. Legal Standard Governing Motions for a New Trial Pursuant to Fed. R. Civ. P. 59(a)

Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court ...." Fed. R. Civ. P. 59(a)(1)(A). The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (internal quotation marks omitted); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997). Examples of such a serious error or a miscarriage of justice include when "the verdict is against the weight of the evidence," or when "for the reasons stated the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983). However, "the court should only grant a motion for a new trial when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp.*, 163 F.3d at 134 (internal quotation marks omitted); *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992), *cert. denied*, 510 U.S. 908, 114 S. Ct. 290 (1993).

### C. Legal Standard Governing Plaintiff's Claims of Excessive Force and Failure to Intervene Under the Eighth Amendment

In order to prevail on a claim of excessive force in violation of the right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution under 42 U.S.C. § 1983, a plaintiff must prove that (1) the defendants used force against the plaintiff maliciously and sadistically for the purpose of causing him harm (as opposed to being used in a good-faith effort to maintain or restore discipline); (2) the plaintiff suffered at least some injury; and (3) the force used by the defendants proximately caused the Plaintiff's injury. *See Brown v. Lindsay*, No. 08-CV-351, 08-CV-2182, 2010 WL 1049571, at *15 (E.D.N.Y. Mar. 19, 2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995 (1992)).

In order to prevail on a claim of failure to intervene to prevent excessive force in violation of the Eighth Amendment under Section 1983, a plaintiff must prove the following elements: (1) excessive force was used against him; (2) the defendant knew, or deliberately ignored, the fact that such force was going to be, or was being, used; (3) the defendants had a realistic opportunity to intervene so as to prevent or stop the use of that excessive force; and (4) the defendants did not take reasonable steps to intervene. *See Henry v. Dinelle*, No. 10-CV-0456, 2011 WL 5975027, *4 (N.D.N.Y. Nov. 29, 2011) (citing *Jean-Laurent v. Wilkinson*, 540 F. Supp.2 d 501, 512 (S.D.N.Y.2008)).

### III. DISCUSSION

#### A. Rule 50(b) Motion for Judgment as a Matter of Law

After carefully considering the matter, the Court finds that Plaintiff's Rule 50(b) motion must be denied because Plaintiff never made a trial motion for judgment as a matter of law and he is procedurally barred from prevailing on a post-trial motion for judgment as a matter of law

unless he can show "manifest injustice," which he cannot. As indicated in Part II.A. of this Decision and Order, in order to show "manifest injustice," Plaintiff must show that the jury verdict in favor or Defendants was "wholly without legal support." *Pahuta*, 170 F.3d at 129 (quoting *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 638 (2d Cir. 1995)). Plaintiff has utterly failed to meet this high burden, for the reasons stated by Defendants in their memorandum of law. (*See* Dkt. No. 161 at 4-5 [Defs.' Mem. of Law].) Accordingly, Plaintiff's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) is denied.

### B. Rule 59 Motion for a New Trial

After carefully considering the matter, the Court finds that Plaintiff's Rule 59 motion for a new trial must be denied because the verdict in this case was not against the weight of the evidence and Plaintiff has failed to put forth any assertion of cognizable unfairness. In fact, Plaintiff's arguments are either irrelevant to the underlying issues decided by the jury or are without legal or factual basis, generally for the reasons stated by Defendants in their memorandum of law. (*See* Dkt. No. 161 at 6-7 [Defs.' Mem. of Law].) The Court would only add that, to the extent Plaintiff purports to challenge the fairness of the procedure used to select the jury in this matter, such a challenge is unfounded. There is no basis upon which to conclude that the procedure used for the selection of the jury in this case resulted in anything other than a fair and impartial jury. For these reasons, Plaintiff's motion for a new trial is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59 (Dkt. No. 153) is **DENIED**.

Dated: June 4, 2014
 Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge